IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELAINE THOMPSON, INDIVIDUALLY AND                                    PLAINTIFF
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF JOHNNY DALE THOMPSON, JR., DECEASED

VS.                         NO. 4:11-CV-0379BSM

SALINE COUNTY SHERIFF PHIL MASK, INDIVIDUALLY AND
AS FORMER SHERIFF OF SALINE COUNTY, ARKANSAS;
SHERIFF BRUCE PENNINGTON, INDIVIDUALLY AND
AS SUCCESSOR AND CURRENT SHERIFF OF SALINE COUNTY, ARKANSAS;
HUGH GENTRY, INDIVIDUALLY AND AS JAIL ADMINISTRATOR
FOR ADULT DETENTION FOR SALINE COUNTY, ARKANSAS;
RAY PENNINGTON, INDIVIDUALLY AND AS SUCCESSOR
JAIL ADMINISTRATOR FOR ADULT DETENTION FOR
SALINE COUNTY, ARKANSAS;
TAMMY PENDERGRASS, INDIVIDUALLY AND AS CORPORAL FOR THE
SALINE COUNTY SHERIFF'S DEPARTMENT;
MIKE FROST, INDIVIDUALLY AND AS A LIEUTENANT FOR SALINE
COUNTY SHERIFF'S DEPARTMENT;
ED BUSH, INDIVIDUALLY AND AS SERGEANT FOR SALINE COUNTY
SHERIFF'S DEPARTMENT;
ULENZEN C. KING, INDIVIDUALLY AND AS A FORMER
OFFICER FOR THE SALINE COUNTY DETENTION CENTER;
STEPHEN FURR, INDIVIDUALLY AND AS AN DEPUTY OF THE
SALINE COUNTY SHERIFF'S DEPARTMENT;
JAMES HALL, INDIVIDUALLY AND AS AN DEPUTY OF THE SALINE
COUNTY SHERIFF'S DEPARTMENT; and
SALINE COUNTY ARKANSAS
d/b/a/ SALINE COUNTY DETENTION CENTER                                DEFENDANTS

## **DEFENDANTS' PRETRIAL DISCLOSURE SHEET**

Pursuant to the requirements of Local Rule 26.2 and Rule 26(a)(3), Fed. R. Civ. P., Defendants submit this pretrial disclosure sheet:

1. <u>The identity of the party submitting information</u>: Phil Mask, Bruce Pennington, Hugh Gentry, Ray Pennington, Tammy Pendergrass Carter, Mike Frost, Ed Bush, Ulenzen C. King, Stephen Furr, James Hall.

2. <u>The names, addresses, and telephone numbers of all counsel for the party</u>: George D. Ellis, P.O. Box 2307, Benton, Arkansas 72018, (501) 315-1000.

3. <u>A brief summary of claims and relief sought</u>: Plaintiff, as personal representative of the Estate of Johnny Dale Thompson, has filed an action pursuant to 42 U.S.C. § 1983 alleging that Johnny Dale Thompson's death was caused by deliberate indifference on the part of one or more of the Defendants. Plaintiff is also suing under the Arkansas Civil Rights Act.

4. <u>Prospects for settlement</u>: Poor. On a number of occasions, counsel for the parties have conferred regarding settlement.

5. <u>The basis for jurisdiction and objections to jurisdiction</u>: Plaintiff has invoked the Court's jurisdiction under 28 U.S.C. § 1343 and 28 U.S.C. § 1367. There are no objections to jurisdiction.

6. <u>A list of pending motions</u>: Defendants have filed a motion for summary judgment which is now pending. As of this filing, the Plaintiff has not responded.

7. <u>A concise summary of the facts</u>: On December 18, 2008, police stopped a vehicle in which Johnny Dale Thompson was a passenger. The vehicle apparently had a defective or inoperable taillight. When the names of the occupants were run, it appeared that Thompson had outstanding warrants, including one from Bauxite, Arkansas. For that reason, he was transported to the Saline County Detention Facility to be booked.

Apparently at some time prior to the stop, and then unknown to the police, Thompson ingested a quantity of drugs. The medical examiner's autopsy indicated that he had Hydrocodone in his system at toxic levels. Other drugs were also present. He slept in the police car on the way to SCDF, but was easily awakened by the arresting officer. Jailer Ulenzen King was on duty at the booking desk and handled the booking process. Thompson's speech was somewhat slurred, and at

one point, he asked for a chair to sit in. King had trouble keeping him awake, making a noise to get his attention by slapping the counter, but he did get all of the information he needed on his Booking Sheet and Booking Medical Sheet. In fact, an examination of those documents shows that Thompson was alert enough to give him some detailed information, including the fact that he suffered from seizures, and had taken what he thought was Dilantin.

After the booking process was completed, he was given a blanket, and was placed in a holding cell to await the Bauxite officer's arrival to serve the warrant on him. The booking process had begun around 7:25 p.m., and he was placed in the holding cell at 7:42 p.m. The Bauxite officer arrived at 9:09 p.m., and when he and King entered the cell, Thompson appeared to be asleep. However, it was determined that he was not breathing, and he was cool to the touch. Sergeant Ed Bush was called, and he was on the scene, together with other officers. He also confirmed coolness to the touch, lack of respiration, and unresponsiveness. Corporal Tammy Pendergrass immediately notified MEDTRAN, and they arrived in a matter of minutes. After their first-responder protocol, they left with the body at 9:31 p.m. Thompson was pronounced dead at Saline Memorial Hospital shortly thereafter. This lawsuit was filed some two-and-a-half years later.

8. <u>All proposed stipulations</u>: (1) That at all times Defendants were acting under color of law; (2) That the autopsy report for Johnny Dale Thompson is accurate and truthful.

9. <u>The issues of fact expected to be contested</u>: These Defendants do not believe that there are any factual disputes in this case, and that their motion for summary judgment should be granted. If the motion is denied, then the only factual issue will be whether any act or omission on the part of any Defendant had a direct causal relationship with Johnny Dale Thompson's death.

10. <u>The issues of law expected to be contested</u>: (1) Whether the Defendants are entitled to

qualified immunity with respect to the individual claims against them; (2) Whether any act or omission on the part of any Defendant constituted deliberate indifference as defined by federal law.

11. <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer</u>: (1) Autopsy report for Johnny Dale Thompson; (2) Pages 14-18 of Elaine Thompson's deposition taken December 7, 2011; (3) Booking Sheet and Booking Medical Sheet of Johnny Dale Thompson dated December 18, 2008; (4) Shannon M. Fontenot's Summary of Investigation dated June 10, 2009.

12. <u>The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony</u>: Phil Mask, Bruce Pennington, Hugh Gentry, Ray Pennington, Tammy Pendergrass Carter, Mike Frost, Ed Bush, Ulenzen C. King, Stephen Furr, James Hall, Shannon M. Fontenot, Charles P. Kokes, M.D., Chief Medical Examiner, and Daniel J. Konzelmann, M.D., Associate Medical Examiner. In the interest of privacy of the individual Defendants, addresses and telephone numbers are being withheld, but have been supplied to Plaintiff's attorney. Most of the individual Defendants are law enforcement officers or former law enforcement officers.

13. <u>The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery</u>: Defendants' discovery is complete.

14. An estimate of the length of trial and suggestions for expediting disposition of the action:

If the motion for summary judgment is not granted and this case goes to trial, it can be tried in three days.

>/s/ George D. Ellis
>GEORGE D. ELLIS (Ark. Bar No. 72035)
>Attorney for Defendants
>Ellis Law Firm, P.A.
>126 North Main Street, P.O. Box 2307
>Benton, Arkansas 72018
>(501) 315-1000 (telephone)
>(501) 315-4222 (fax)
>*gellisinbenton@swbell.net*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

>/s/ George D. Ellis
>GEORGE D. ELLIS