**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ELAINE THOMPSON, INDIVIDUALLY AND**        **PLAINTIFFS**
**AS PERSONL REPRESENTATIVE OF THE ESTATE**
**OF JOHNNY DALE THOMPSON, JR., DECEASED**

**VS.**                **Case No.  4:11-CV-0379BSM**

**SALINE COUNTYSHERIFF PHIL MASK, INDIVIDUALLY AND**
**AS FORMER SHERIFF OF SALINE COUNTY, ARKANSAS;**
**SHERIFF BRUCE PENNINGTON, INDIVIDUALLY AND**
**AS SUCCESSOR SHERIFF OF SALINE COUNTY, ARKANSAS;**
**HUGH GENTRY, INDIVIDUALLY AND AS JAIL ADMINISTRATOR**
**FOR ADULT DETENTION FOR SALINE COUNTY, ARKANSAS;**
**RAY PENNINGTON, INDIVIDUALLY AND AS SUCCESSOR**
**JAIL ADMINISTRATOR FOR ADULT DETENTION FOR**
**SALINE COUNTY, ARKANSAS; TAMMY PENDERGRASS,**
**INDIVIDUALLY AND AS CORPORAL FOR THE SALINE**
**COUNTY SHERIFF'S DEPARTMENT; MIKE FROST,**
**INDIVIDUALLY AND AS A LIEUTENANT FOR SALINE**
**COUNTY SHERIFF'S DEPARTMENT; ED BUSH, INDIVIDUALLY**
**AND AS SERGEANT FOR SALINE COUNTY SHERIFF'S DEPARTMENT;**
**MORSTINE WILLOUGHBY, INDIVIDUALLY AND AS A**
**SERGEANT OF THE SALINE COUNTY SHERIFF'S DEPARTMENT;**
**ULENZEN C. KING, INDIVIDUALLY AND AS A FORMER**
**OFFICER FOR THE SALINE COUNTY DETENTION CENTER;**
**STEPHEN FURR, INDIVIDUALLY AND AS AN DEPUTY OF THE**
**SALINE COUNTY SHERIFF'S DEPARTMENT; JAMES HALL,**
**INDIVIDUALLY AND AS AN DEPUTY OF THE SALINE**
**COUNTY SHERIFF'S DEPARTMENT**        **DEFENDANTS**

**<u>PLAINTIFF'S PRE-TRIAL DISCLOSURE SHEET</u>**

Comes now the Plaintiff, ELAINE THOMPSON, INDIVIDUALLY AND

AS PERSONEL REPRESENTATIVE OF THE ESTATE OF JOHNNY DALE

THOMPSON, JR., DECEASED, by and through her attorney, Guy "Randy"  Satterfield,

and for her Fed.R.Civ.P. 26(a)(3) and Local Rule 26.2 Pre-Trial Disclosure Sheet states:

1.  Guy "Randy"  Satterfield, Attorney for Plaintiff, is submitting this information.

2. Plaintiffs' attorney is Guy "Randy" Satterfield, of Satterfield Law Firm, PLC, P.O. Box 1010, Little Rock, Arkansas  72203-1010, telephone  (501) 376-0411. Defendant's George D. Ellis, Attorney at Law, 126 North Main Street, P.O. Box 2307, Benton, Arkansas 72018, telephone (501) 315-1000.

3.   A summary of Plaintiffs' claims and relief sought are as follows:

 This damages action is brought pursuant to Title 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of Arkansas, specifically the Wrongful Death Act and the Arkansas Civil Rights Act. Plaintiff claims Defendant's actions, policies, and practices complained of herein violated Johnny Dale Thompson, Jr.'s rights, as a detainee,  as secured by the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. 2 §§ 8 and 9 of the Arkansas Constitution; and that the Johnny Dale Thompson, Jr.'s lack of chance of survival of a drug overdose was caused by the concurrent actions of the Defendants personally and acting on behalf of Saline County, Arkansas, in a manner evidencing deliberate indifferent to an obviously serious medical need of Johnny Dale Thompson, Jr., including failure to take any life-saving measures including CPR; and that the Defendant Saline County Sheriff and his administration's public admissions, actions, policies, practices, and procedures evidences a past and continuing systemic failure in administration of the jail, lack of staffing and training of  jail personnel, and history of jail deaths and other serious medical events shows a pattern and practice of  deliberate indifference to detainees' serious medical needs including Mr. Thompson's.

Plaintiffs' are also requesting declaratory judgment and injunctive relief to prohibit the immediate, imminent irreparable harm presently threatened by the

continuation of constitutional violations to Saline County Jail detainees including, but not limited to, the Defendants' deliberate indifference to inadequate training, inadequate supervision, inadequate staffing of medical personnel, and failure to provide medical care resulting from injuries sustained by detainees while incarcerated in the Saline County Detention Center, failure to remedy systematic deficiencies in medical services, and for any and all other relief to which is proper under the circumstances; and a reasonable attorney's fees and costs as allowable under 42 U.S.C. §1988, and any other provision under federal or Arkansas Law.

4. Early on Plaintiff and offer to settle, which Defendants rejected, and Defendants have not made a counteroffer. Therefore there are no known prospects for settlement.

5. There are no objections to jurisdiction. Jurisdiction is based the nature of Plaintiffs' claim which are brought pursuant to Title 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of Arkansas, specifically the Wrongful Death Act and the Arkansas Civil Rights Act. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1343, Defendant's actions, policies, and practices complained of herein violated Johnny Dale Thompson, Jr.'s rights as secured by the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. 2 §§ 8 and 9 of the Arkansas Constitution;

6.   The Defendant has a pending Motion for Summary Judgment and the Plaintiff anticipates having to file a Motion for Extension of Time to response to which Defendants' counsel has no objection.

7.   On or about the 18th day of December, 2008, at approximately 6:30 p.m., Deputies Stephen Furr and James Hall, of the Saline County Sheriff's Department, initiated a traffic stop for a broken taillight on a vehicle in which Mr. Johnny Dale Thompson, Jr. was riding as a rear seat passenger. Deputy Stephen Furr requested Mr. Thompson's identification, entered Mr. Thomson's information in the Arkansas Crime Information Center (ACIC) database, alleged that the database reflected that Mr. Thompson had outstanding warrants for misdemeanor charges, and placed Mr. Thompson under arrest for a failure to appear alleged misdemeanor warrant from Saline County, warrant number WS-2008-2612. However, upon information and belief, this was not a valid outstanding warrant from Saline County in the database, as the database had not been updated to reflect that Mr. Thompson had satisfied his sentence for the misdemeanor charges by his prior incarceration in the SCDC in October and November, 2008. During a pat down of Mr. Thompson, Defendants Furr and Hall found a completely empty prescription bottle for Alprazolam, a prescription anti-anxiety medicine, in Mr. Thompson's pocket. The prescription label on the bottle reflected that the prescription was issued to Mr. Thompson on December 15, 2008, two (2) days prior to the arrest, on which date it contained sixty (60) pills. Deputy Furr did not administer any tests to Mr. Thompson to check for drug or alcohol intoxication, nor did Deputy Furr or Hall transport Mr. Thompson to a medical facility.

While Mr. Thompson was transported to SCDC by Defendant Furr, Deputy Furr witnessed Thompson exhibiting obvious signs of intoxication, as Mr. Thompson was falling asleep in the back of the patrol car. After arriving at the SCDC, Mr. Thompson was awoken by Defendant Furr who witnessed that Mr. Thompson was slurring his speech, and was lethargic and sleepy. Defendant Furr asked Mr. Thompson whether he had taken any of his medication and Furr noted that Mr. Thompson said he had taken the medication. At approximately 6:59 p.m., Defendant Furr turned Mr. Thompson over to the SCDC, to be booked on the misdemeanor warrant charges.

Mr. Thompson was placed alone in holding cell number one in SCDC awaiting the booking procedure and was removed from the cell by Correctional Officer Ulenzen King for booking at approximately 7:20 p.m. Upon Thompson's request and based on his obvious physical symptoms of a serious medical emergency, including but not limited to lethargy, unconsciousness, and slurring of speech, Defendant King had to provide Mr. Thompson a chair to sit in during the booking procedure, because Mr. Thompson was unable to stand.

During the booking process, Defendant King continued to observe that Mr. Thompson's physical condition was deteriorating, and required immediate medical intervention, and King asked Mr. Thompson a few medical questions, in response to which Mr. Thompson stated he had taken Dilantin, an anti-seizure prescription medicine, but didn't know how many he had taken.

King continued to observe Mr. Thompson's physical deterioration, noting that Mr. Thompson was unable to sign any of his booking paperwork because he appeared to be too intoxicated as evidenced by his deteriorating physical state, as Mr. Thompson was

extremely lethargic to the point of falling in and out of consciousness and sliding out of the chair during the booking process. During the booking process Defendant King repeatedly loudly slapped the counter of the booking desk to try to regain Mr. Thompson's attention due to Mr. Thompson's lethargy and sleepiness.

After completing the booking procedure, instead of immediately providing the obviously necessary medical intervention, Defendant King placed Mr. Thompson back in holding cell number one, alone, in the SCDC and closed the door at approximately 7:40 p.m.

Although the Defendants were aware of Mr. Thompson's deteriorating physical state when he was placed in cell number one after booking, recognizing the obvious systems of acute drug intoxication, none of the staff of the SCDC intervened at any time to administer medical treatment. Upon reasonable belief, Johnny Dale Thompson, Jr., called out for help at least one time without receiving any response, and subsequently lost consciousness while in SCDC holding cell number one, alone, and unmonitored and suffered complete respiratory failure due to a lack of necessary medical intervention.

At or approximately 8:50 p.m., December 18, 2008,  Officer King and Bauxite Police Officer Michael Turner, entered Mr. Thompson's holding cell and they discovered Mr. Thompson unresponsive, cold to the touch, and pale. Deputy Hall also entered the cell and observed Mr. Thompson's unresponsiveness and lack of breathing. After discovering Mr. Thompson, Officer King and Deputy Hall called for Sergeant Ed Bush, who was in the SCDC radio room, to assist, instead of immediately calling for or providing medical intervention. Sergeant Bush entered the cell and found that Mr.

Thompson's arm was cold to the touch and Officer Hall and Sergeant Bush then rolled Mr. Thompson on his back and observed that his face was pale and he was not breathing.

After finding no vital signs, Sergeant Bush then asked the radio room to call for an ambulance, as the SCDC nonmedical staff and the Saline Memorial Hospital were the only medical providers for the SCDC at the time of Mr. Thompson's death. The SCDC staff mentioned herein, including King, Hall, and Bush, and Bauxite Police Officer Michael Turner, did not at any point attempt to administer CPR to Mr. Thompson or to provide any medical treatment, although it was obvious that medical intervention was necessary due to Mr. Thompson's unresponsive physical state. Corporal Tammy Pendergrass, who was present at the SCDC during Thompson's death, was notified of Mr. Thompson's condition by other SCDC staff and witnessed Mr. Thompson unresponsive in cell number one.

Mr. Thompson was transported to Saline Memorial Hospital where he was pronounced dead in the emergency room, at approximately 9:30 p.m. The medical examiner determined that Mr. Thompson died from a depressed central nervous system due to acute multiple prescription medication intoxication, from Hydrocodone, (at a toxic level), Xanax (at a therapeutic level), Methadone (at a therapeutic level), and Meprobamate (low level). Mr. Thompson's injuries and ultimate death, as set forth *infra*, were proximate and direct result of the Saline County, Arkansas policies, customs, and failures in training and care, which amount to deliberate indifference, and a violation of Mr. Thompson's constitutionally protected rights.

The conditions of the SCDC, and the actions and failures to act of the Defendants, created a dangerous condition in SCDC, which resulted in a denial of medical care to Mr.

Thompson who was obviously in need of immediate emergency attention, intervention

and transfer which amounts to deliberate indifference to an objectively serious medical

need, due to Saline County's failure to remedy systemic deficiencies in medical services.

Such conditions violated Mr. Thompson's rights under 42 U.S.C. § 1983 and 42 U.S.C. §

1988, the Fifth and Fourteenth Amendments to the United States Constitution, the

Arkansas Civil Rights Act of 1993, and Ark. Code Ann. § 16-123-101 *et seq*., and the

actions and inactions of the Defendants caused the Wrongful Death of Johnny Dale

Thompson, Jr., pursuant to Arkansas Code Ann. § 16-62-101 and 102.

    8.  PROPOSED STIPULATIONS:

a.  No employee of the Saline County Jail at any point attempt to administer CPR to Mr.
Thompson or to provide any medical treatment, when Mr. Thompson was found in his
jail cell in a unresponsive physical state


b. On or about August 27th, 2008, Lt. Scotty Courtney spoke at the Saline County
Quorum Court Session as a representative of the Saline County Sheriff  and Saline
County Detention Center,  and the following statements: "While the sheriff's office
would like to see a nurse and doctor right now, the jail staff will continue doing what it
practiced before medical professionals were hired.  We're back to the where anytime
anybody needs medical attention; we have to take them to the emergency room or doctor.
The emergency room is our doctor.  Jailers have to pass out meds until we get these two
positions replaced.  Having a nurse and doctor on staff would alleviate distress on jailers
and they could concentrate on inmates, what they're hired to do and not the medical side,
which they are not trained for.  It's unfortunate we can't have medical staff  right now,
but we'll buckle down and do the best job we can with the resources we have."

c.  The 2007 and 2008 Saline County Jail Detention Facility Compliance Reports find
that the jail is inadequately staffed and has nice medical infirmary but no personnel or
staff to use it.

d.  During the time period between  July 5th, 2008, through April 13, 2011, two pretrial
detainees died in custody at the Saline County Jail before Mr. Thompson's death
December 18th, 2008, and two pretrial detainees died in custody after Mr. Thompson's
death.

e. That the Saline County Quorum Court refused the sheriff's office request for medical
personnel at the jail and instead, on November 17th, 2009, redirected the remaining

earmarked $13,600.00 from the medical fund, which had been specifically allotted to be spent at the jail for medical purposes, to the capital outlay vehicle fund, by enacting Appropriation Ordinance No. 2009-91.

     9.  ISSUES OF FACT TO BE CONTESTED:

     a.  Whether any of the Defendant's acted with deliberate indifference to a serious medical need of Johnny Dale Thompson, which resulted or contributed to his death; and

     b.  Regarding the Plaintiffs' claim there is no qualified immunity for Defendant officials or Saline County in this case, whether there exists a continuing pattern of failure to correct systemic deficiencies at the jail related to determining and responding to serious medical needs of detainees, which renders the jail constitutionally inadequate and proves deliberate indifference to Mr. Thompson's and all detainees' serious medical needs.

     c. Whether the jail personnel were adequately trained;

     d. Whether jail personnel had received any instruction about transporting seriously ill prisoners to area hospitals;

     e. Whether both defendant sheriffs had conducted a thorough investigation after the first death at the prison hospital;

     f. Whether adequate policies were established in compliance with Arkansas Jail Standards regarding jail staffing, CPR and other training, inmate medication and medical record-keeping, and mandated treatment of detainees in a stupor or unconscious state recommendations were implemented prior to and after Mr. Thompson's death reflected on Defendant Sheriffs' liability; and

g. Whether the Defendant Sheriffs should have implemented a policy concerning the need for medical personnel to come to the jail to examine prisoners facing life-threatening conditions in the wake of five (5) deaths at the jail.

10.  ISSUES OF LAW TO BE CONTESTED:

a.  Qualified Immunity.

11.  Plaintiff adopts all documents produced by Defendants, and the following documents;

a)      Arkansas State Police Investigation Documents;

b)      Autopsy Reports of Drs. Kokes and Konzelmann;

c)      Arkansas Jail Standards;

d)      Newspaper articles, reporters, persons and information identified therein attached to complaint as Exhibit "A;" and attached hereto and dated 8/27/08; 12/20/08; 7/6/09; 3/13/11; and 3/30/11;

e)      Quorum Court Agenda and Minutes from October 21, 2008; warrant data, SCDC compliance reports, attached to complaint as Exhibit "B";

f)      Appropriation Ordinance, 2009-91, attached to complaint as Exhibit "C;"

g)      The substance and information contained in the "What you need to know about Sheriff Funds" article by Mark Whitmore, AAC Chief Counsel, in the County Line Spring 2010 issue magazine attached hereto;

h)      Except from the Arkansas Co. Sheriffs Procedure Manual published by the Association of Arkansas Counties;

i)      Saline County Jail Inmate Handbook; and

j)      Three electronic disks provided to Plaintiff's counsel in the Arkansas State Police jail death investigation conducted in this case (disks attached hereto consisting of (1) Video of jail surveillance camera and supporting viewing software therein; (2) 13 Photographs of cell and other locations and decedent; (3) Audio disk of interview of Chris & Cindy Scott by ASP investigator.

k)      All documents produced or referenced by any party in their respective Rule 26 Initial Disclosures.

12.  **The following persons may be called as witnesses by Plaintiffs:**

1)      Any and all named Defendants and any other personnel present at the Saline County Detention Center ("SCDC") at the time of Mr. Thompson's booking and death;

2)      Bauxite Arkansas Police Officer Michael Turner, (501) 557-5184, entered cell number one to serve warrant on Mr. Thompson, witnessed Mr. Thompson's physical state, and the actions or inactions of the jail staff;

3)      Mike Wright, number 309, as indicated on State Police Documents;

4)      Sherry Lewis, AFIS, as indicated on State Police Documents;

5)      Christy Lobbs placed call for emergency services at the SCDC according to Saline County call report number 2008025910, dated 12/18/11;

6)      Toni James, Former Saline County Detention Center nurse, may have information about the SCDC medical issues;

7)      Dr. Marvin Kirk, Benton, AR, Former Saline County Detention Center doctor, may have information about the SCDC medical issues;

8)      Any and all SCDC inmates present, most of whom gave statements contained in the ASP investigation, at time of incident and may have discoverable information concerning Mr. Thompson's death, according to the Arkansas State Police Investigation:
>       Bobby D. Harrison, 2043 Dean Martin Dr, Cabot, AR 72023
>       Michael D. Wright, 2816 Wagon Wheel Ct, Little Rock, AR 72206
>       Robert L. Parker, 951 Longview Dr., Rogers, AR 72756
>       Bradley Carter, 5421 Singley Rd, Little Rock, AR 72206 (501) 860-8734
>       Randy Bishop, 4804 Sullivan Rd, Pine Bluff, AR 71603
>       Steven Curtis, 501 West St, White Hall, AR 71602
>       Wayne Carroll, 14 Rock Ledge, Maumelle, AR
>       Keith D. Pripusich, Trustee, 411 Park Lane, Benton, AR 72015
>       Jeremy D. Whitney, Trustee, 400 S. Callahan, Benton, AR 72015
>       David Jones, Trustee SCDC
>       Anthony McClelland, Trustee SCDC

9)      Paramedic "Mclain" with the Saline Memorial Hospital, Med Tran Ambulance, Responded to SCDC to call placed for Mr. Thompson, treated Mr. Thompson, transported Mr. Thompson to Saline Memorial Hospital, witnessed Mr. Thompson's state and the actions or inactions of the jail staff, provided a report indicating no CPR administered by jail staff;

10)    EMT "Blackwell" with the Saline Memorial Hospital, Med Tran Ambulance, Responded to SCDC to call placed for Mr. Thompson, treated Mr. Thompson, witnessed Mr. Thompson's state and the actions or inactions of the jail staff, transported victim to Saline Memorial Hospital;

11)    Dispatcher Middleton, Saline County dispatcher, received call regarding Mr. Thompson's death at the SCDC, call report number 2008025910, dated 12/18/11;

12)    Dispatcher Sinyard, Saline County dispatcher, received call regarding Mr. Thompson's death at the SCDC, call report number 2008025910, dated 12/18/11;

13)    Dr. Amy Pittman with the Saline Memorial Hospital, was assigned to Mr. Thompson when paramedics brought him to Saline Memorial, treated victim at Saline Memorial Hospital;

14)    RN Crystal Rhone with the Saline Memorial Hospital, was assigned to Mr. Thompson when paramedics brought him to Saline Memorial treated victim at Saline Memorial Hospital;

15)    Saline County Chief Bill Field – requested the State Police Investigation on December 19, 2008;

16)    Sherwood Police Department Officer Ross, #448 – faxed Sherwood warrant to SCDC;

17)    Dr. David Nelsen, 521 S. Elm St., Little Rock, AR 72205, (501)686-6560, treated Mr. Thompson and prescribed medications to Mr. Thompson;

18)    Any and all Family Members of the Victim, Johnny D. Thompson Jr., all have information about his life, the damages they have suffered as a result of his death, including:

Elaine Thompson, Mother, 4771 Hwy. 371 N., Waldo, AR, Has information about Mr. Thompson, has his correspondence written to her while he was in the SCDC in a prior incarceration; has personal knowledge of Cindy Scotts' drug use and lack of credibility related to statements she made to the ASP investigator; and she has knowledge of the damages suffered by family members as a result of his death;

Jessica Thompson, Sister, 12140 Beacon Road, Park Rapids, MN 56470, Has information about Mr. Thompson, and the damages suffered as a result of his death

Johnny D. Thompson, Sr., Father, 76 Crooked Creek, Conway, AR (501) 697-1591, Has information about Mr. Thompson, and the damages suffered as a result of his death;

Rosie Thompson, Stepmother, 76 Crooked Creek, Conway, AR (501) 697-1591, Has information about Mr. Thompson's income and the damages suffered as a result of his death;

Hayley Lynn Thompson, minor daughter;

Kayla Denae Thompson, minor daughter;

Cara Grace Thompson, minor daughter;

John and Judy Reese, reside in the Salem Community with a Benton address, who are the maternal grandparents and present guardians of Mr. Thompson's children, they know of the circumstances surrounding the death the children's mother; and the have personal knowledge of damages; and

Teresa and Joey Bragg, 12517 Newcomb Road, Benton, AR 72015 (501) 776-3536 (decedent's aunt and uncle), Has information about Mr. Thompson, and the damages suffered as a result of his death;

19)   The Arkansas State Police Investigator and any or all persons identified, interviewed, and disclosed in the Arkansas State Police Jail Death Investigation and Johnny Thompson's Saline County Detention Center's Jail files from two different incarcerations;

20)  Any or all persons to be identified in the jail video provided by the jail;

21)  Lt. Scotty Courtney, an employee at the Saline County Detention Center;

22)  Former Cpl. James Hart;

23) Existing and former jail personnel responsible for conducting background checks on jail employees and individuals identified in those background reports;

24)  The individuals who conducted the Jail Standards inspection;

25)  Arkansas Medical Examiner who performed Johnny Thompson's autopsy;

26)  The new Saline County Detention Center jail administrator, Don Birdsong;

27)  Matt Burks, or any other reporter with the Benton Courier, and any individuals identified and the continuing newspaper investigative reports compiled in the "Jail Problems" series of newspaper and internet articles;

28) Members of the Saline Quorum Court and County Jail Committee including those individuals identified in the minutes or newspaper articles in public or private meetings concerning jail matters;

29) Kristyle Adkins, 33, was arrested on Nov. 22, 2010, jail abuse victim, and any individuals shown in jail security camera video displaying the abuse  (address and information unknown but information is contained in Saline County Sheriff's Reports};

30) Floyd Smith of Benton who reported to the Benton Courier James Hart used excessive force (address and information unknown but information is contained in Saline County Sheriff's Reports;

31) The victim and other individuals identified in the termination investigation file of former Saline County Detention Center Officer Ulenzen King who was terminated in October 2010;

32) Johnny Thompson's physician identified on the empty prescription bottle taken by jail personnel during upon arrest and during book-in;

33) Any witnesses identified in any other parties' disclosures.


13.   All discovery has been completed.

14.   Counsel expects the estimated length of the trial to be two days.

Respectfully Submitted:

/s/Guy "Randy" Satterfield, Ark. Bar 81140
Satterfield Law Firm, PLC
P.O. Box 1010
Little Rock, Arkansas  72203-1010
Telephone: (501) 376-0411 Fax 374-2834

## CERTIFICATE OF SERVICE

I, Guy "Randy" Satterfield, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to:

George D. Ellis, Attorney at Law, 126 North Main Street, P.O. Box 2307, Benton, Arkansas 72018

on this 4th of May, 2012.

/s/ Guy "Randy"  Satterfield

G. Randolph Satterfield