IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELAINE THOMPSON, INDIVIDUALLY AND                                                         PLAINTIFFS
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF JOHNNY DALE THOMPSON, JR., DECEASED

v.                                    NO. 4:11-CV-0379BSM

SALINE COUNTY SHERIFF PHIL MASK, INDIVIDUALLY AND
AS FORMER SHERIFF OF SALINE COUNTY, ARKANSAS; et al        DEFENDANTS

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR ORDER OR DOCKET NOTATION ALLOWING THE BELATED
FILING OF DOCUMENT #30 ADDENDUM FILED BY PLAINTIFF CONTAINING
EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
and
THE FILING OF A BUSINESS RECORDS AFFIDAVIT RECEIVED BY COUNSEL
TODAY IN SUPPORT OF PLAINTIFF'S EXHIBIT 3 DOCUMENT #30**

Comes now, the Plaintiff, by and through her attorney, G. Randolph Satterfield, and for his brief in support under Local Rule 7.2 and states the following:

That Plaintiff's counsel has attempted to confer with Defendant's counsel to determine if he has any objection to this motion. However, his office advised that he is out of town until the end of the week in depositions.

It is believed that all but four of the documents contained in exhibits in Plaintiff's Addendum, filed as Document #30 filed one-hour and 14 minutes after the midnight deadline last night due to a scanner malfunction, were for the most part known, to or previously provided to, Defendants' counsel in answers to discovery, Rule 26 disclosures, or obtained from Defendants' counsel in the same manner or through FOI. Therefore, no prejudice or surprise will result from the requested filings. The three documents that Defendant's counsel did not have are three witness affidavits obtained in an effort to rebut the affidavits Defendants

1

submitted.  Plaintiff's three affidavits consist of (1) a new business records affidavit received today from the records custodian of the Saline Courier newspaper authenticating an August 27, 2008, related to <u>Plaintiff's Exhibit "3"</u> in the addendum.  This involves a newspaper article previously provided or known to Defendant's counsel; (2) the Defendant Sheriff's new webpage statements about recent medical services improvements at the jail, which is <u>Plaintiff's Exhibits "7" and "8"</u>; (3) <u>Plaintiff's Exhibit "5"</u>, an affidavit from Bobby Harrison, who was an inmate who alleges that he witnessed the events surrounding Mr. Thompson's death at the jail, and his prior statement provided to the Defendant Sheriff and his counsel is attached to the affidavit. His unsworn statement was given shortly after the event and the old statement was already in the possession of Defendant's counsel; and (4) <u>Plaintiff's Exhibit "9"</u> , is an affidavit from Jeff McLain, authenticating his handwritten medical report that he wrote while recording the action he performed doing his job as a paramedic on the ambulance that picked-up Johnny Thompson, Jr., from the jail and transported him to the hospital.  This report is attached and was obtained from Defendants' "Jail File".   The last affidavit is attached as <u>Plaintiff's Exhibit "12"</u>, and is from a pro se Plaintiff named James E. Grundon.  A copy of this affidavit was found filed as Document 1 in case number 10-02017 JMM-HDY in this Eastern Division of federal district court.  This is a pending case against Defendant Sheriff Pennington and known to Defense counsel who is provided defense representation in that case.

     Fed. Rule Civ. Pro. 56(d) and (e) gives the Court broad discretion in allowing additional time to show certain facts by admissible evidence, to obtain affidavits and properly support or address the other party's facts, and determine what material facts are actually disputable.  The liberal terms of Rule 56 are in addition to the stricter general rule of extending time found in Rule 6(b)(1)(B) regarding a motion made after the time has expired, if the party failed to act

because of excusable neglect. Since the timely brief described the exhibits and the documentary evidence in the exhibits were known to or from the Defendants or Defendants' counsel, and the bulk of the evidence contained therein or for the purpose of make certain facts admissible by affidavit, in lieu of a live witness at trial, Plaintiff's counsel requests the Court to treat this slightly tardy submission as permitted under Rule 56(d) and (e) as a supplemental pleading to the timely filed documents, or and any and all other just and equitable relief the Court deems appropriate.

> Respectfully submitted,
> By: /s/<u>Guy "Randy" Satterfield</u>
>     Guy "Randy" Satterfield, AR Bar 81140
>     Attorney for Plaintiffs
>     SATTERFIELD LAW FIRM, PLC
>     P.O. Box 1010
>     Little Rock, Arkansas 72203-1010
>     Tele: (501) 376-0411, Fax: 374-2834
>     Email: satterfieldlaw@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that I have delivered the above document to Mr. George D. Ellis, attorney for the defendants, on this 30th day of May, 2012, via the ECF electronic noticing system.

> /s/<u>Guy "Randy" Satterfield</u>
>   Guy "Randy" Satterfield