IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELAINE THOMPSON, INDIVIDUALLY AND                                                    PLAINTIFF
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF JOHNNY DALE THOMPSON, JR., DECEASED

VS.                             NO. 4:11-CV-0379BSM

ULENZEN C. KING, INDIVIDUALLY AND AS A FORMER
OFFICER FOR THE SALINE COUNTY DETENTION CENTER                      DEFENDANT

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

Ulenzen C. King, the sole remaining Defendant in this case, has filed his motion in limine regarding evidentiary issues expected to arise in the course of the trial which is scheduled for January 6, 2014.

**Procedural History**

This case was filed on May 3, 2011, regarding events that occurred on December 18, 2008. Plaintiff's decedent, Johnny Dale Thompson (Thompson), was booked into the Saline County Detention Center (SCDC), having apparently ingested a lethal dosage of Hydrocodone. He died in the holding cell commonly called the drunk tank. Initially, there were twelve Defendants, including Saline County, Arkansas, but the Court granted summary judgment for all except two: Ulenzen King, the jailer who booked Thompson into the jail, and Stephen Furr, the arresting officer. The basis for dismissal as against the other Defendants was qualified immunity.

The Eighth Circuit Court of Appeals reversed the trial court with regard to Defendant Stephen Furr, finding that he was protected by the doctrine of qualified immunity, but affirmed with

regard to Defendant King, who is now the sole remaining Defendant. The proof will show that at the time of Thompson's death, Defendant King was an entry-level jailer.

## *Monell* Allegations

Much of the Complaint alleges that the death of Thompson was caused by SCDC's policy or custom. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 694 (1978), holds that injury inflicted by unconstitutional policy or custom which represents official policy is actionable. However, none of those aspects of this litigation are applicable to Ulenzen King. As indicated above, he was entry-level jailer who was not in the remotest sense involved in policy or custom of the jail. Further, he had no training responsibilities. All of those *Monell* allegations, therefore, are inapplicable to this litigation as it now stands. For the Court to permit the jury to hear such evidence without the ability to defend on those points would be highly prejudicial to Defendant King. For that reason, the motion should be granted with regard to those points.

## Imputation of Liability

There is some indication in the Complaint, although it is unclear, that all of the original Defendants are responsible or liable for the actions of all of the other Defendants. Imputation of liability is not a concept that is favored in Section 1983 litigation. The Court is well familiar, for example, with the policy that *respondeat superior* is not part of this area of the law. *Royster v. Nichols,* 698 F.3d 681 (8th Cir. 2012); *Bell v. Kansas City Police Department,* 635 F.3d 346 (8th Cir. 2011). The Court should hold, therefore, that Defendant King is not responsible or liable for the acts of Ed Bush or any other staff member at the jail. Anything that any other staff member did or did not do should not be admissible and should not be mentioned in front of the jury for fear that it will

be prejudicial to Defendant King's case. The Court has previously ruled as a matter of law that those Defendants enjoy the protection of qualified immunity, and again, Defendant King is the sole Defendant in this case. His conduct and his conduct alone is the subject matter of this litigation.

### Failure to Administer CPR and the Law of the Case

It is anticipated that Plaintiff will argue that the fact that Defendant King did not administer CPR is indicative of deliberate indifference. However, it is clear from the trial court's findings that failure to administer CPR could not have been a direct cause of Thompson's death because he was already dead at the time he was found in the cell by King. "The first time King checked on him was approximately thirty minutes later, at which time Johnny was found dead." Order of October 5, 2012, page 8. That finding relies on admissions in the Plaintiff's Statement of Disputed Facts. In this regard, the Eighth Circuit's Opinion sustained the trial court's finding. "Officer King and another officer entered Johnny's cell and discovered Johnny cool to the touch, not breathing, and non-responsive." Slip Opinion, pages 2-3. Therefore, failure to administer CPR was not causally related to Thompson's death. The trial court and the appellate court have so found, and those findings are now the law of the case. *Macheca Transport Company v. Philadelphia Indemnity Ins. Co.,* 12-3941 (8th Cir. 11-21-2013).

3

## Conclusion

The remaining paragraphs of Defendant's Motion in Limine are expected not to be contested. They are paragraphs 1, 2, 3, 15, 16, and 17.

Respectfully submitted,

/s/ George D. Ellis
GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Defendant
Ellis Law Firm, P.A.
126 North Main Street, P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2013, I electronically filed the foregoing Brief in Support of Defendant's Motion in Limine with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ George D. Ellis
GEORGE D. ELLIS