IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELAINE THOMPSON, INDIVIDUALLY AND                                    PLAINTIFF
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF JOHNNY DALE THOMPSON, JR., DECEASED

VS.                           NO. 4:11-CV-0379BSM

ULENZEN C. KING, INDIVIDUALLY AND AS A FORMER
OFFICER FOR THE SALINE COUNTY DETENTION CENTER          DEFENDANT

## PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO MOTION IN LIMINE

Many of Plaintiff's objections to certain paragraphs in Defendant's Motion In Limine speak for themselves or are further explained by affirmative explanations in the response. This brief will address the issues that do not.

Regarding Plaintiff's affirmative denial (that states Plaintiff should not, in any way, be restricted from inquiry and argument about Defendant's knowledge of and response to the empty bottle found on Johnny's person and delivered to the jail along with his other personal property during booking) is further explained. Some of the anticipated facts at trial should be that Defendant was aware the Johnny had an empty pill bottle with a prescription for 60 Xanax pills filled approximately one day before his arrest; Johnny's seriously impaired condition which was verified by the Defendant who wrote on the intake form that Johnny was too intoxicated to sign, Defendant's affidavit, a jail video, the Defendant's attempt verbal inquiry from Johnny asking what medications he had taken; and witness Bobby Harrison (who previously provided a rebutting affidavit in support of opposition to Defendant's prior Motion for Summary Judgment detailing his anticipated testimony). Even a lay person would know that taking a large dose of prescription drugs is potentially dangerous and the pill bottle issue is important as well as the

1

other facts. See ***Spann v. Roper***, 453 F. 3d 1007, 1009 (8th Circuit. 2006). Intentional delay in providing medical attention shows deliberate indifference if a reasonable person would know that an inmate requires medical attention or an officers actions are so dangerous that a knowledge of the risk may be presumed. ***Gordon ex rel. Gordon v. Frank***, 454 F. 3d 858,862 (8th Cir. 2006). See also ***McRaven v. Sanders***, 577 F.3d 974 (8th Cir. 2009).

Concerning Plaintiff's denial of Defendant's paragraphs 8 and 9, (in which Defendant attempts to restrict Plaintiff from using the fact that the Defendant did not perform CPR when Johnny Dale Thompson was found nonresponsive in his cell), an officer trained in CPR who fails to perform, or delays performance of CPR, on a prisoner manifestly in need of such assistance is liable for deliberate indifference. ***Tlamka v. Serrell,*** 244 F. 3d 628, 633 (8th Cir. 2001). It is Therefore, this evidence should not be restricted.

/s/ Guy "Randy" Satterfield

    Guy "Randy" Satterfield  (Ark. Bar No.81140)
    Attorney for Plaintiff
    Satterfield Law Firm, PLC
    900 S. Shackleford Rd., Ste. 210
    Little Rock, Arkansas 72211
    (501) 376-0411 (telephone)
    (501) 315-4222 (fax)
    *Email: satterfieldlaw@comcast.net*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of January, 2013, I electronically filed the foregoing Response To Defendant's Motion in Limine with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ Guy "Randy" Satterfield
   Guy "Randy" Satterfield

2