IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELAINE THOMPSON, INDIVIDUALLY AND                                      PLAINTIFF
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF JOHNNY DALE THOMPSON, JR., DECEASED

VS.                              NO. 4:11-CV-0379BSM

ULENZEN C. KING, INDIVIDUALLY AND AS A FORMER
OFFICER FOR THE SALINE COUNTY DETENTION CENTER           DEFENDANT

### REPLY BRIEF ON ISSUE OF WHETHER TO ADMINISTER CPR

Plaintiff has cited as authority for the proposition that failure to administer CPR to an inmate is a violation of the inmate's constitutional rights under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment. In making this assertion, she relies on *Tlamka v. Serrell*, 244 F.3d 628 (8th Cir. 2001). Her reliance on this case is misplaced.

The court makes it clear that *Tlamka* turns on a unique set of facts.

> We are unaware of any decisions involving facts similar to those presented in this case, but that is not dispositive of our inquiry. At the time of Tlamka's heart attack, as we discussed previously, the law in this circuit was settled that an intentional delay in obtaining medical care for an inmate could give rise to a violation. [citations omitted]

*Id.* at 634. That case involved the *intentional* cessation of CPR when the evidence was that the inmate was regaining consciousness. That is not the situation we are faced with in this present case. This case is more like *Tagstrom v. Enockson,* 857 F.2d 502 (8th Cir. 1988), which relies on *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986). The *Maddox* court held that:

> We have found no authority suggesting that the due process clause establishes an affirmative duty on the part of police officers to render CPR in any and all circumstances.
>
> \*\*\*
>
> Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to hospital. [citations omitted]

*Id.* at 1415. Simply put, and based on *Tagstrom*, the Eighth Circuit has held that there is no violation of a constitutional right for failure to administer CPR.

If Plaintiff were permitted to argue before the jury that a failure to administer CPR was a violation of Johnny's constitutional rights, then she would also be required to prove by expert testimony that there was a causal relationship between failure to do so and Johnny's ultimate death. But, when Ulenzen King found Johnny, he was unresponsive, cool to the touch, and not breathing. He was, in a word, dead.

It might have been different and Plaintiff might have a point, had Ulenzen King found Johnny gasping for breath with a fellow inmate or other deputy administering CPR. Under those circumstances, had Ulenzen King ordered the cessation of CPR, as in *Tlamka*, Plaintiff might have a point. Such was not the case, however.

The only expert in this case who knows anything about this issue has given a comprehensive report, and it will be Exhibit 5 in the evidence. It is the report of autopsy, in which the medical examiner discusses the facts in some detail, but what he does not discuss is failure to administer

2

CPR. It was not an issue with the medical examiner, and one can only assume that had it been a factor in Johnny's death, the medical examiner would have so noted. His report, however, is barren with regard to any reference to CPR. The Court should keep this record clean by disallowing this evidence or any references to it in the presence of the jury.

/s/ George D. Ellis
GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Defendant
Ellis Law Firm, P.A.
126 North Main Street, P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ George D. Ellis
GEORGE D. ELLIS

3